## SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (this "Agreement") is made this __ day of February, 2021 (the "Effective Date"), by and between Arturo Gasca, Maria D. Gasca, Lalaja, Inc., d/b/a El Cerro Grande Mexican Restaurant ("Lalaja", and, together with Arturo Gasca and Maria D. Gasca, "Defendants"), José Vazquez-Aguilar ("Vazquez-Aguilar"), Justa Hernandez-Rojo ("Hernandez-Rojo"), Josafat Juarez-Chavez ("Juarez-Chavez"), Sandra Catalina-Torres ("Catalina-Torres"), Susana Mendoza-Bustillo ("Mendoza-Bustillo" and, together with Vazquez-Aguilar, Hernandez-Rojo, Juarez-Chavez, and Catalina-Torres, "Plaintiffs"), Gerardo Quezada-Mendoza ("Quezada-Mendoza"), and Eduar Ruiz Macias ("Macias" and, together with Quezada-Mendoza, "Consenting Persons") (the "Parties").

WHEREAS, Plaintiffs and Consenting Persons were previously employed at-will with Lalaja;

WHEREAS, certain disputes regarding Plaintiffs' and Consenting Persons' employment with Lalaja have arisen between the Parties, including the filing of litigation captioned *Vazquez-Aguilar et al. v. Gasca et al.*, No. 4:19-CV-00171-FL (E.D.N.C.) (the "Lawsuit");

WHEREAS, in the Lawsuit, Plaintiffs and Consenting Persons contended that each worked as an hourly employee for Lalaja within three years of the filing of the Lawsuit and each worked certain hours for which they were not compensated and for which they would have earned overtime compensation. Plaintiffs and Consenting Persons sought relief under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for unpaid overtime wages;

WHEREAS, Defendants denied Plaintiffs' and Consenting Persons' material allegations in the Lawsuit;

WHEREAS, the Parties conducted discovery in the Lawsuit related to the limited question of conditional certification;

WHEREAS, on August 6, 2020 the United States District Court for the Eastern District of North Carolina (the "Court") conditionally certified the Lawsuit as a collective action under the FLSA. *See Vazquez-Aguilar v. Gasca*, 4:19-CV-00171-FL, Dkt. No. 37 (E.D.N.C. 2020).

WHEREAS, Quezada-Mendoza and Macias each filed Consent to Sue forms joining the Lawsuit as members of the collective action;

WHEREAS, the Parties acknowledge that there is a *bona fide* dispute in the Lawsuit as to whether Plaintiffs and Consenting Persons worked hours for which they were not paid overtime wages in compliance with the FLSA during the three years preceding the filing of the Lawsuit;

WHEREAS, there has been no fraud or collusion in this settlement, and counsel for the Parties have recommended the settlement;

WHEREAS, the Parties enter into this Agreement for the purposes of resolving any and all disputes and claims Plaintiffs and Consenting Persons may have against Defendants arising under the FLSA or any similar state or local law; and

WHEREAS, Defendants, in exchange for Plaintiffs' and Consenting Persons' execution of this Agreement, have agreed to provide Plaintiffs and Consenting Persons with certain consideration which they are not otherwise obligated to provide.

NOW, THEREFORE, in consideration of the execution of this Agreement, and for other good and valuable consideration, the Parties hereto agree as follows:

1. <u>No Admission of Liability</u>. Plaintiffs and Consenting Persons understand and acknowledge that the Defendants deny any and all allegations and claims asserted by Plaintiffs and Consenting Persons. Plaintiffs and Consenting Persons understand that this settlement is the

compromise of doubtful and disputed claims and is intended merely to avoid the costs and expenses of litigation.

2. <u>Settlement Payment</u>. In exchange for the execution of this Agreement, the Defendants agree to pay Plaintiffs, Consenting Persons, and their counsel in the Lawsuit the total amount of THIRTY FOUR THOUSAND FOUR HUNDRED THIRTY DOLLARS AND SIXTY THREE CENTS ($34,430.63), less required withholdings. The total amount paid by Defendants to Plaintiffs, Consenting Persons, and their counsel in the Lawsuit will hereinafter be referred to as the "<u>Settlement Proceeds</u>." The Settlement Proceeds shall be distributed as follows:

(a) $23,872 to the Plaintiffs and Consenting Persons, to be divided amongst them in proportion to the amount of each of their claims. Plaintiffs and Consenting Persons have agreed amongst themselves to the following distribution of the $23,872:

 (1) Vazquez-Aguilar shall receive $4,014;

 (2) Macias shall receive $1,712;

 (3) Quezada-Mendoza shall receive $3,728;

 (4) Hernandez-Rojo shall receive $10,232;

 (5) Juarez-Chavez shall receive $4,000;

 (6) Catalina-Torres shall receive $93; and

 (7) Mendoza-Bustillo shall receive $93.

(b) $10,000 to the Law Office of Robert J. Willis, P.A., counsel for Plaintiffs and Consenting Persons in the Lawsuit, on account of attorney's fees incurred by all Plaintiffs and Consenting Persons in the Lawsuit; and

- 3 -

(c) $558.63 to the Law Office of Robert J. Willis, P.A., counsel for Plaintiffs and Consenting Persons in the Lawsuit, on account of expenses incurred by all Plaintiffs and Consenting Persons in the Lawsuit.

Defendants shall pay one-half (1/2) of the Settlement Proceeds as provided herein within thirty (30) days following the Court's approval of this Agreement as set forth in Paragraph 6 below and one-half (1/2) of the Settlement Proceeds as provided herein within sixty (60) days following the Court's approval of this Agreement as set forth in Paragraph 6 below. Defendants shall treat the payment to Plaintiffs and Consenting Persons of the first one-half (1/2) of their respective portions of the Settlement Proceeds as payment of wages and shall make the appropriate wage withholdings pursuant to the W-4 statements that Lalaja already has on file for Plaintiffs and Consenting Persons. With the exception of Hernandez-Rojo, Lalaja shall treat the payment to Plaintiffs and Consenting Persons of the second one-half (1/2) of their respective portions of the Settlement Proceeds as payment of liquidated damages under 29 U.S.C. § 216(b) and shall make no withholdings from that payment. Lalaja shall treat the payment to Hernandez-Rojo of the second one-half (1/2) of her respective portion of the Settlement Proceeds as payment of wages and shall make the appropriate wage withholdings pursuant to the W-4 statement that Lalaja already has on file for Hernandez-Rojo. Defendants will provide each of the Plaintiffs and Consenting Persons with a check statement or statements, as applicable, explaining the withholdings Defendants made to the amounts paid to the Plaintiffs and Consenting Persons as wages. Defendants shall write separate checks to each Plaintiff and Consenting Person for each one-half (1/2) payment made to each Plaintiff and Consenting Person under this Agreement. Defendants shall provide those checks for the Settlement Proceeds in the manner specified herein to the Law Office of Robert J. Willis, P.A., and the Law Office of

- 4 -

Robert J. Willis, P.A. shall hold the checks for those portions of the Settlement Proceeds to be distributed to the Plaintiffs and Consenting Persons in trust for Plaintiffs and Consenting Persons.

        3.     <u>Taxes and Payment Procedure</u>.  At the appropriate time as specified by law and by Paragraphs 2 and 6 of this Agreement, Lalaja shall issue an Internal Revenue Service ("<u>IRS</u>") Form W-2 to each of the Plaintiffs and Consenting Persons for the amounts of their respective portions of the Settlement Proceeds that are treated as wages pursuant to the W-4 statements that Lalaja already has on file for the Plaintiffs and Consenting Persons.  At the appropriate time as specified by law and by Paragraphs 2 and 6 of this Agreement, Lalaja shall issue an IRS Form 1099 to each of the Plaintiffs and Consenting Persons, as applicable, for the amounts of their respective portions of the Settlement Proceeds that are treated as liquidated damages under 29 U.S.C. § 216(b). Plaintiffs and Consenting Persons acknowledge and agree that the Defendants have made no representations to them regarding the tax consequences of any amounts received by them pursuant to this Agreement and that the Settlement Proceeds will be considered taxable income and subject to disclosure to the appropriate taxing authorities. Defendants shall issue an IRS Form 1099 under Tax I.D. 45-4293607 to the Law Office of Robert J. Willis, P.A. for the payments that are described in Paragraphs 2(b) and 2(c) of this Agreement. To the extent required by law, Plaintiffs and Consenting Persons are responsible for and agree to pay federal taxes (including, but not limited to, Social Security and Medicare) and state taxes, if any, which are required by law to be paid with respect to this settlement.  Plaintiffs and Consenting Persons agree that in the event any tax payment, including any interest or penalty, is requested by the IRS or any other taxing authority from Defendants as a result of the characterization of the Settlement Proceeds as liquidated damages under 29 U.S.C. § 216(b), Plaintiffs and Consenting Persons will

fully defend, indemnify, and/or reimburse Defendants against any such claims and/or payments, including any interest or penalties. In the event that any taxing authority claims, notwithstanding the agreement between the Parties, that any portion of the above amounts treated as payment of liquidated damages under 29 U.S.C. § 216(b) constitutes taxable income from which Lalaja should have made some tax withholding from any payment that Lalaja made to any Plaintiff or Consenting Person under the terms of this Agreement and seeks a deficiency or penalty from any of them, such Plaintiff or Consenting Person shall notify Defendants promptly.

4.    <u>Adequacy of Consideration</u>.  Plaintiffs and Consenting Persons understand and acknowledge that the payment and other consideration provided hereunder by Defendants is discretionary in nature, is not an admission of liability, is not required of Defendants in the absence of this Agreement and constitutes adequate consideration for the Agreement with respect to all Plaintiffs and Consenting Persons.

5.    <u>Release</u>.  Plaintiffs and Consenting Persons hereby release and forever discharge Defendants and their predecessors, successors, affiliates, assigns, directors, officers, shareholders, administrators, employees, former employees, representatives and agents from any and all claims, causes of action, demands, debts, obligations, damages, or liabilities arising under the FLSA or any similar state or local law prior to the Effective Date of this Agreement. Plaintiffs and Consenting Persons also covenant and agree not to sue, or bring any action, whether federal, state, or local, judicial or administrative, now or at any future time, against any Defendant with respect to any claim released in this Agreement. Notwithstanding, ~~However,~~ this Release shall in no way be construed by this Settlement Agreement and/or Paragraph 5 to limit or deny the Plaintiffs and Consenting Persons the right, desired and/or entitlement to make or continue to make any application(s) ~~and to provide any assistance~~ that they may ~~desire to~~

make, have and/or may already have pending as part of a process under the Immigration and Naturalization Act (I.N.A.), 8 U.S.C. §§1101, et seq., and/or Victims of Trafficking and Violence Protection Act (V.T.V.P.A., 22 U.S.C. §§ 7101, et seq., and/or with any law enforcement action as the federal, state, local, judicial or administrative authorities may deem fit, and/or may be necessary to make or to provide as part of an application(s) for a T or U visa under the Immigration and Naturalization Act, 8 U.S.C. §§1101(a)(15)(T)(i)(III)(aa) and/or 1101(a)(15)(U)(i)(III). This Release shall in no way be construed to limit or deny Plaintiffs and Consenting Persons the right, desired and/or entitlement to make or continue to take any action(s) or to provide any assistance. Included but not limited to assisting as part of an application(s) under the Immigration and Naturalization Act (I.N.A.) 8 U.S.C. §§1101, *et seq*, and/or any law enforcement action as the federal, state, local, judicial or administrative authorities may deem fit for the outcome ad/or resolution. Notwithstanding this Release in no event shall it be deemed by this Paragraph 5 for the Plaintiffs and Consenting Persons to have released any rights to indemnification or contribution as provided by law or to any protection provided by the Victims of Trafficking and Violence Protection Act (T.V.P.A.) according to the provisions of Chapter 77 of Title 18 of the United States Code, 18 U.S.C. §1593, *et seq.*

Plaintiffs and Consenting Persons agree that this Agreement may be used as an affirmative defense and complete bar to any such claim, lawsuit, or any other type of action that any Plaintiff or Consenting Person may file against any Defendant for any claim released in this Agreement. However, theat affirmative defense and bar shall in no way apply or be construed to apply to limit or deny the Plaintiffs and Consenting Persons in this Settlement Agreement and/or Paragraph 5 to limit or deny the right, desired and/or entitlement to make or continue to make any application(s) and take any action(s) or to provide any assistance that they may havedesire to

~~make,~~ and/or may already have pending and/or need ~~, and/or may be necessary~~ to make ~~or to provide~~ as part of ~~an application(s) for a T or U visa under the Immigration and Naturalization Act, 8 U.S.C. §§1101(a)(15)(T)(i)(III)(aa) and/or 1101(a)(15)(U)(i)(III)~~a process according to ~~an application(s) for a T or U visa under~~ the Immigration and Naturalization Act (I.N.A.), 8 U.S.C. §§ 1101, *et. seq.*, ~~(a)(15)(T)(i)(III)(aa) and/or 1101(a)(15)(U)(i)(III)~~and/or Victims of Trafficking and Violence Protection Act (V.T.P.A.), 22 U.S.C. §§7101, *et seq.*, and/or with any law enforcement action as the federal, state, local, judicial or administrative authorities may deem fit for the outcome and/or resolution.  This Release shall in no way be construed to limit or deny the Plaintiffs and Consenting Persons the right, desired and/or entitlement to make or continue to take any action(s) or to provide any assistance.  Included but not limited to assisting as part of an application(s) under the Immigration and Naturalization Act, 8 U.S.C.§§1101 Immigration and Naturalization Act (I.N.A.), 8 U.S.C. §§ 1101, et seq., and/or the Victims of Trafficking and Violence Protection Act (V.T.V.P.A.), 22 U.S.C. §§7101, et seq. and/or any law enforcement action as the federal, state, local, judicial or administrative authorities may deem fit.  Notwithstanding this Release in no event shall it be deemed by this Paragraph 5 for the Plaintiffs and Consenting Persons to have released any rights to indemnification or contribution as provided by law or to any protection as provided by the law or to any protection provided by the immigration and Naturalization Act, 8 U.S.C. §§1101, et. seq., and/or Victims of Trafficking and Violence Protection Act (T.V.P.A.) according to the provisions of Chapter 77 of Title 18 of the United States Code, 18 U.S.C. §1593, et seq.

For the avoidance of doubt, this Paragraph 5 shall not prevent any Plaintiff or Consenting Person from participating in any recovery obtained from Defendants by the United States Department of Labor ("DOL") in the currently-pending action captioned *Stewart v. Lalaja, Inc.*

- 8 -

*et al.*, No. 4:20-CV-189-FL (E.D.N.C.).; Pprovided, however, that any amount to be received by any Plaintiff or Consenting Person as a result of the *Stewart* action shall be reduced by the portion of the Settlement Proceeds paid to such Plaintiff or Consenting Person as provided in Paragraph 2(a) of this Agreement. Notwithstanding, the Release in no event shall it be deemed by this Paragraph 5 for the Plaintiffs and Consenting Persons to have released any rights to indemnification or contribution as provided by law or to any protection as provided by the law or to any protection provided by the immigration and Naturalization Act, 8 U.S.C. §§1101, *et. seq.*, and/or Victims of Trafficking and Violence Protection Act (T.V.P.A.) according to the provisions of Chapter 77 of Title 18 of the United States Code, 18 U.S.C. §1593, *et seq.*

6.  <u>Court Approval and Dismissal</u>.  Plaintiffs and Consenting Persons agree to abandon any effort to pursue the Lawsuit as a collective action under the FLSA. The Parties to this Agreement agree to jointly move in the Lawsuit for approval of this Agreement, and agree that the validity and enforceability of this Agreement is contingent upon its approval, without amendment, by the Court.  Plaintiffs and Consenting Persons agree to dismiss all of their claims in the Lawsuit with prejudice within five (5) days of the receipt by their counsel of the amounts described in Paragraphs 2 and 3 above.  The Parties agree to execute any stipulations or other documents that may be required to effect such release and dismissal.

7.  <u>Retained Jurisdiction</u>. The Parties agree that the Court shall retain jurisdiction over the Lawsuit for a period of ninety (90) days after the date the Court enters its Order approving this Agreement so that the Parties may enforce the terms of this Agreement in the Court.

8.  <u>Nondisparagement</u>.  Plaintiffs and Consenting Persons agree that they will not make critical, negative or disparaging remarks about the Defendants or, as applicable, their

officers, directors or employees, including but not limited to critical, negative or disparaging comments about any of their conduct, practices, standards, services, business, professional or employment practices or reputation. Notwithstanding the provisions hereof, it shall not constitute a breach of this Agreement for Plaintiffs or Consenting Persons to engage in protected activity under applicable law, to make true or accurate statements about Defendants, or to testify truthfully about any subject matter when compelled to do so by properly issued legal process.

9.    <u>Acknowledgment of Wage Payment</u>.   Plaintiffs and Consenting Persons acknowledge that, upon payment of the Settlement Proceeds, they will have been paid all wages, compensation and other amounts earned or due for work performed for Defendants. Vazquez-Aguilar, Hernandez-Rojo, Catalina-Torres, Quezada-Mendoza, and Macias each further agree to execute a declaration certifying that he or she received and retained, or upon payment of the Settlement Proceeds will receive, the full amount of any money that the DOL determined Defendants owed to him or her as a result of the DOL's audit of Lalaja in 2019. The declaration to be executed by Vazquez-Aguilar is attached as Exhibit A to this Agreement. The declaration to be executed by Hernandez-Rojo is attached as Exhibit B to this Agreement. The declaration to be executed by Catalina-Torres is attached as Exhibit C to this Agreement. The declaration to be executed by Quezada-Mendoza is attached as Exhibit D to this Agreement. The declaration to be executed by Macias is attached as Exhibit E to this Agreement.

10.    <u>Attorneys' Fees and Costs</u>.   It is expressly understood and agreed that the consideration exchanged hereunder is in full payment and satisfaction of all claims which the Plaintiffs and Consenting Persons now have or may hereafter assert against Defendants for payment of attorneys' fees and costs, based on any rights Plaintiffs and Consenting Persons have or may have pursuant to any applicable law.

- 10 -

11.     <u>Entire Agreement</u>.  This Agreement contains the entire agreement between the Parties, and may be modified only in a writing executed in the same manner as the original Agreement, and no agreements, representations, or statements of any party not contained herein shall be binding on such party.

12.     <u>Enforcement</u>.  Either party shall have the right specifically to enforce this Agreement, except for provisions which subsequently may be held invalid or unenforceable, and/or obtain money damages for its breach, including reasonable attorneys' fees.

13.     <u>Execution in Counterparts</u>.  This Agreement may be executed in multiple counterparts which, when taken together, shall form the entire Agreement.  This Agreement or any counterpart may be executed on signature pages exchanged by facsimile or electronic mail, which signature pages shall be deemed originals.

14.     <u>Controlling Law</u>.  This Agreement shall be governed by and construed in accordance with the laws of the state of North Carolina, as they are applied to contracts made and to be wholly performed in this state, regardless of choice of law principles to the contrary. In addition, Plaintiffs and Consenting Persons consent to the jurisdiction of any North Carolina court over any claims arising under or relating to this Agreement.

15.     <u>Acknowledgments</u>.  Plaintiffs and Consenting Persons represent that they have carefully read and fully understand all the provisions of this Agreement, and that they are entering into this Agreement voluntarily and upon the advice of their legal counsel.

(Signatures Begin on Following Page)

NOW, THEREFORE, Arturo Gasca, Maria D. Gasca, Lalaja, Vazquez-Aguilar, Hernandez-Rojo Juarez-Chavez, Catalina-Torres, Mendoza-Bustillo, Quezada-Mendoza, and Macias have executed this Settlement Agreement and Release, freely and voluntarily, as of the date first written above.

LALAJA, INC. d/b/a EL CERRO GRANDE
MEXICAN RESTAURANT

_____

By:     Arturo Gasca
Title:  President

_____

Arturo Gasca

_____

Maria D. Gasca

_____

José Vazquez-Aguilar

_____

Justa Hernandez-Rojo

_____

Josafat Juarez-Chavez

_____
Susana Mendoza-Bustillo

_____
Sandra Catalina-Torres

_____
Gerardo Quezada-Mendoza

_____
Eduar Ruiz Macias